UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

ERIC D. PATINO,

        Debtor.

Chapter 13
Case No. 18-20070

## ORDER GRANTING, IN PART, THE FIRST AND FINAL FEE APPLICATION OF JEFFREY P. WHITE AND ASSOCIATES, P.C. FOR COMPENSATION OF LEGAL SERVICES

This matter came before the Court on the First and Final Fee Application of Jeffrey P. White and Associates, P.C. for Compensation of Legal Services (Docket Entry ("D.E.") 51) (the "Fee Application") pursuant to which Jeffrey P. White and Associates, P.C. (the "Applicant") seeks final allowance of $5,706.00 in fees and $379.48 in expenses. The Applicant subsequently filed a revised proposed order (D.E. 54), proposing to allow the Applicant's fees and expenses in full but subordinate $2,500.00 of that administrative expense claim to any fees and expenses incurred by Mr. Patino's replacement counsel, Molleur Law Office ("MLO"). Although Mr. Patino initially consented to the proposed order, he subsequently withdrew his consent and filed a placeholder objection to the Fee Application (D.E. 56). When negotiations regarding an amicable resolution failed, Mr. Patino filed the Debtor's Supplemental Objection to First and Final Fee Application for Compensation (D.E. 58) after which the Applicant filed its Reply to Debtor's Supplemental Objection to Fee Application (D.E. 60) (the "Response"). For the reasons set forth below, the Court hereby allows the Applicant, on a final basis, $5,196.00 in fees and $379.48 in reimbursements for a total award of $5,575.48, of which $2,500.00 will be subordinated to any fees and expenses awarded to MLO in this case.

This case is one of many cases in which MLO entered an appearance on behalf of a debtor after the Applicant withdrew. The objections raised by Mr. Patino in the Supplemental Objection echo concerns addressed in two opinions recently issued by the Portland and Bangor Divisions of this District in two other such cases. *See, In re McCarthy,* Case No. 18-20099 (D.E. 84); *In re Smith*, Case No. 18-20543 (D.E. 68).

For the same reasons this Court set forth in *McCarthy*, and, in most instances, with the Applicant's consent, the Court hereby disallows: (a) $240.00 in fees billed on July 10, 2018 and July 11, 2018 in connection with a continued hearing on confirmation rendered meaningless by the Applicant's failure to advance the case; (b) $60.00 in fees billed on September 6, 2018 and which the Applicant concedes are nonbillable as duplicative and clerical in nature; and (c) $210.00 in fees representing the difference between the attorney rates at which certain paraprofessional tasks were billed on February 17, 2018, March 15, 2018 and September 20, 2018 and the paralegal rates at which those tasks should have been billed. Objections regarding lumping of time entries and excessive time spent preparing schedules are overruled based on the explanations set forth in the Applicant's response to the supplemental objection and for the same reasons substantively similar objections were overruled in *McCarthy*. In all, therefore, the Court hereby disallows $510.00 in fees.

After accounting for $1,710.00 in funds received by the Applicant pre-petition, a balance of $3,865.48 remains outstanding. As in both *McCarthy* and *Smith*, MLO contends in this case that the Applicant's administrative expense claim should be subordinated to any administrative expense claim asserted by MLO. Specifically, MLO argues that it agreed to appear as replacement counsel in this case, and other cases, after the Applicant assured MLO that, in each such case, sufficient funds would be set aside either as estimated fees or an administrative reserve to

compensate MLO for its work. The Applicant denies agreeing to these terms and neither Mr. Patino, nor the debtors in *McCarthy* and *Smith*, offered any evidence establishing the existence of such an agreement. In *McCarthy,* this Court declined to override the Bankruptcy Code's priority scheme in the absence of any such evidence but this case differs because, here, the Applicant filed a revised proposed order proposing subordination of $2,500.00 of its claim to any fees and expenses awarded to MLO. Although Mr. Patino withdrew his consent to that order and the Applicant subsequently argued against subordination in its response to Mr. Patino's supplemental objection, the terms of that order indicate that the Applicant was, at one point, prepared to agree to subordinate a portion of its claim. That willingness by the Applicant—no matter how fleeting—is enough to persuade the Court to accept the terms of the proposed order.

Accordingly, the Applicant is hereby awarded $5,196.00 in fees and $379.48 in reimbursements for a total final award of $5,575.48. The Trustee is authorized, to the extent of available funds, to disburse immediately to the Applicant $1,365.48. The remaining balance of $2,500.00 shall be subordinate to fees and expenses incurred by MLO in this case. The Trustee is authorized to disburse the subordinated balance of $2,500.00 to the Applicant in conjunction with the Trustee's final disbursement in this case, to the extent of available funds.

Dated: July 25, 2019                    /s/ Peter G. Cary
                                        Judge Peter G. Cary
                                        United States Bankruptcy Court